IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03306-BO

MARQUIS D. WILLIAMS, )
)
        Plaintiff, )
)
v. )    ORDER
)
CATHY JUDGE and VINCENT )
MICHAEL BACOSA, )
)
        Defendants. )

Marquis D. Williams ("plaintiff"), a state inmate, filed this civil rights action *pro se* pursuant to pursuant to 42 U.S.C. § 1983. The matter now is before the court on defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) (DE 48) and motion to seal (DE 53). Plaintiff responded to defendants' motion for summary judgment. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants in part and denies in part defendants' motion for summary judgment and motion to seal.

## STATEMENT OF THE CASE

On November 1, 2023, plaintiff filed his § 1983 complaint, alleging defendant Vincent Michael Bacosa ("Bacosa") used excessive force against him in violation of the Eighth Amendment to the United States Constitution. Plaintiff also alleged defendant Cathy Judge ("Judge") failed to protect him from the alleged assault. Defendant Judge is the Warden at Harnett Correctional Institution ("Harnett"), where the alleged incident occurred. See ((DE 50-1) ¶ 2). The court subsequently conducted an initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and allowed plaintiff to proceed with his claims. On March 13, 2024, the court

entered a scheduling order providing a discovery deadline of June 6, 2024, and a motions deadline of July 11, 2024. See (DE 23).

On April 8, 2024, plaintiff filed a motion requesting the appointment of counsel along with a declaration in support. In his declaration, plaintiff stated in pertinent part: "Plaintiff was subjected to the misuse of force by a [] correctional officer [] when he substantially injured, as one, punched in the face several times while in handcuffs in the sgt. office, falling on the floor, hitting both kneecaps, and had busted lips, and [] bruised face." (DE 24-4). On the same date, plaintiff filed a pleading captioned "Notice and Motion for Judgment on the Pleadings and Summary Judgement." On May 23, 2024, the court denied both motions. The dispositive motions deadline was extended until November 14, 2024. See (DE 47).

On November 14, 2024, defendants moved for summary judgment, arguing plaintiff cannot establish an Eighth Amendment violation, and asserted the affirmative defense of qualified immunity. Defendants also filed a statement of material facts in support of their motion for summary judgment and an appendix, which included: a declaration from defendant Judge; incident reports; inmate grievance records; standard operating procedure for use of force and operational searches; a declaration from Amy Larosa—the North Carolina Department of Adult Correction's Medical Records Manager; and portions of plaintiff's medical records. Defendants also filed a motion to seal portions of their appendix. Plaintiff responded to defendants' motion for summary judgment, and attached a document captioned "Plaintiff Appendix to Local Civil Rule 56.1 Statement of Material Facts." See (DE 58, 58-1).

## STATEMENT OF FACTS

Plaintiff's complaint involves a use of force incident at Harnett on April 27, 2022. ((DE 1), p. 5). At approximately 4:30 p.m., defendant Bacosa observed plaintiff on the KL-Yard

2

Case 5:23-ct-03306-BO    Document 61    Filed 08/14/25    Page 2 of 8

heading towards the facility's K-dorm. ((DE 51-1), p. 2). Plaintiff was cursing and made the statement: "F[] the police." (Id.) Upon hearing this statement, defendant Bacosa approached plaintiff. (Id.) Plaintiff was hostile when Bacosa approached. (Id.) Bacosa then placed plaintiff in handcuffs behind his back, and escorted him to a nearby dorm sergeant's office to conduct a complete search. (Id.)

At this point, the parties' versions of the events differ. According to defendant Bacosa,[1] he removed plaintiff's restraints when he and plaintiff arrived at the sergeant's office so that Bacosa could conduct the search. (Id.) No other staff member was present for the search. (Id.) Defendant Bacosa further stated plaintiff lunged and swung at him after Bacosa removed the restraints. (Id.) Bacosa next placed his hands on plaintiff's shoulders to gain control over plaintiff and to prevent plaintiff from assaulting him. (Id.) Bacosa and plaintiff then fell to the ground, and Bacosa's radio fell from his holster, preventing him from calling for assistance. (Id.) Bacosa stated he ultimately was able to gain control over plaintiff and to place plaintiff back in restraints. (Id.) According to plaintiff, however, defendant Bacosa physically assaulted him in the sergeant's office, while plaintiff was restrained in handcuffs. ((DE 1), p. 5; (DE 24-2). Both plaintiff and defendant Bacosa sustained minor injuries during the use of force incident. See ((DE 51-1), p. 6, 30-37).

Following the incident, correctional staff conducted an investigation. (Id.) At the conclusion of the investigation, plaintiff was found guilty of A99 and B24 disciplinary offenses. (Id. at 29).

---

[1] The statements attributed to defendant Bacosa are taken from the incident report, as defendant Bacosa did not provide a sworn declaration or affidavit in support of his motion for summary judgment. See (DE 51-1).

3

## DISCUSSION

I.   Motion to Seal

Defendants seek a court order sealing their exhibits which contain the incident report, plaintiff's grievance report, the DAC's use of force policy, the DAC's standard operating procedures for "operational searches," and plaintiff's medical records. Local Rule 26.1(a)(1) of this court's Local Rules of Practice and Procedure require that medical records not be open to inspection or copying by any person except the parties and their attorneys. It further requires the filing of any such records to be accompanied by a motion to seal. Based upon the foregoing, defendants' motion to seal is GRANTED as to his request to seal his exhibit containing portions of plaintiff's medical records, and the Clerk of Court is DIRECTED to maintain (DE 51-5) under seal. See, e.g., Roberson v. Paul Smith, Inc., No.5:07-CV-284-F, 5:08-CV-40-F, 2010 WL 2332282, at *1 (E.D.N.C. June 9, 2010). The remainder of defendants' motion to seal is DENIED.

II.  Motion for Summary Judgment

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250. In making this

4

determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

B.  Analysis

Defendants raise the affirmative defense of qualified immunity against plaintiff's § 1983 action. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

1. Official Capacity Claims

To the extent plaintiff brings claims against defendants in their official capacities, an action by a private party to recover money damages from state officials in their official capacities is barred by the Eleventh Amendment. Huang v. Board of Governors of University of North Carolina, 902 F.2d 1134, 1138 (4th Cir. 1990). Thus, the court GRANTS defendants' motion for summary judgment as to plaintiff's claims against defendants in their official capacities.

2. Excessive Force

Plaintiff alleges defendant Bacosa used excessive force against him in violation of the Eighth Amendment. "[A] prisoner must meet a heavy burden to satisfy the subjective component– that prison officials applied force maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain and restore discipline." Boone v. Stallings, 583 F. App'x 174, 176 (4th Cir. 2014) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (4th Cir. 1986)).

5

For an excessive force claim, the relevant state of mind is "wantonness in the infliction of pain." Whitley, 475 U.S. at 322. In determining whether a prison official has acted with "wantonness," relevant factors include: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; and (4) any efforts made to temper the severity of a forceful response. Thomspon v. Virginia, 878 F.3d 89, 99 (4th Cir. 2017); Whitley, 475 U.S. at 321.

Applying the Whitley factors to the instant use of force allegations against defendant Bacosa and construing the record as a whole in the light most favorable to plaintiff, genuine issues of material fact preclude summary judgment as to plaintiff's excessive force claim. In particular, crediting plaintiff's sworn version of the events, a jury could conclude there was no perceived threat to defendant Bacosa when Bacosa assaulted plaintiff in the sergeant's office while plaintiff was in restraints, and, thus, no need to use force. See Alexander v. Connor, 105 F.4th 174, 179 (4th Cir. 2024); Thompson v. Commonwealth of Virginia, 878 F.3d 89, 100 (4th Cir. 2017) ("The officers . . . cannot[] argue that Mr. Thompson presented any kind of physical threat, as he was fully restrained with shackles, handcuffs, and a black box."); Love v. Beasley, 788 F. App'x 935, 937 (4th Cir. 2020); Campbell v. Smith, 406 F. App'x 741, 743 (4th Cir. 2010) ("Based on Campbell's version of events giving rise to this litigation, he was in handcuffs and restrained by McClinen when Smith hit him. If this version of events is accepted, a trier of fact could easily conclude that an Eighth Amendment violation occurred."); Wilkins v. Gaddy, 559 U.S. 34, 38 (2010) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.").

The court next determines whether defendant Bacosa is entitled to the affirmative defense of qualified immunity. It is clearly established that the Eighth Amendment forbids the

6

"unnecessary and wanton infliction of pain" against inmates. Whitley, 475 U.S. at 319 (internal quotation marks omitted). Given that a fact finder in this case could find that the alleged force was used in a malicious and sadistic manner to cause harm, a reasonable officer would have known that his conduct violated the law. See Tedder v. Johnson, 527 F. App'x 269, 274 (4th Cir. 2013) ("Johnson therefore cannot claim qualified immunity because malicious and sadistic use of force for the very purpose of causing pain is always in violation of clearly established law. This is not an incorrect guess in a gray area of law."). (citation omitted). Thus, defendant Bacosa is not entitled to qualified immunity for this claim.

3. Failure to Protect

Plaintiff alleges defendant Judge failed to protect him from the alleged assault on April 27, 2022. Defendant Judge provided a sworn declaration stating she was not present at the scene of the interaction between plaintiff and defendant Bacosa on April 27, 2022, was not involved in the investigation of the incident, and she had no prior notice that defendant Bacosa posed any risk to plaintiff. See ((DE 50-1) ¶¶ 5, 7). Plaintiff, in turn, relies on his conclusory and speculative allegations that defendant Judge failed to protect him from the alleged assault, which are insufficient to defeat summary judgment. See Celotex Corp., 477 U.S. at 323; Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). Based upon the foregoing, plaintiff cannot establish a failure to protect claim against defendant Judge. Thus, summary judgement is GRANTED as to defendant Judge.

## CONCLUSION

In summary, defendants' motion to seal (DE 53) is GRANTED in part and DENIED in part. The motion is GRANTED as to (DE 51-5), and the Clerk is DIRECTED to maintain (DE

7

Case 5:23-ct-03306-BO    Document 61    Filed 08/14/25    Page 7 of 8

51-5) under seal. The remainder of the motion is DENIED. Defendants' motion for summary judgment (DE 48) is GRANTED as to defendant Judge and the Clerk of Court is DIRECTED to terminate defendant Judge as a defendant int this action. Defendants' motion for summary judgment also is GRANTED as to plaintiff's claims against defendants in their official capacities. The motion is DENIED as to plaintiff's claim against defendant Bacosa. This case is REFERRED to United States Magistrate Judge Robert B. Jones, Jr. for a court-hosted settlement conference. Judge Jones will notify the parties how he wishes to proceed. The court APPOINTS North Carolina Prisoner Legal Services ("NCPLS") to represent plaintiff at the settlement conference. See Standing Order 21-SO-11, ¶ 7. The clerk shall send a copy of this order to notify NCPLS of its appointment. In the event the parties do not reach a resolution of this action, further order regarding trial planning and scheduling will follow.

SO ORDERED, this the 14 day of August, 2025

TERRENCE W. BOYLE
United States District Judge