IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CT-3306-BO

| | | |
|---|---|---|
| MARQUIS D. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| VINCENT MICHAEL BACOSA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on referral to the undersigned for a court-hosted settlement conference [DE-61] to be held on **Monday, November 17, 2025, at 9:30 a.m., Sixth Floor Courtroom, Terry Sanford Federal Building and Courthouse, 310 New Bern Ave., Raleigh, North Carolina**. This order serves to inform the parties and counsel of the court's expectations at the conference.

Attendance shall be in conformity with Local Civil Rule 101.2(d)(1), unless excused by the court pursuant to Local Civil Rule 101.2(d)(2), except the individual defendant, Vincent Bacosa, and a representative of the defendants' insurance carrier may attend in person but are not required to do so as long as a representative from the North Carolina Department of Adult Correction with settlement authority and the ability to enter into a settlement agreement on behalf of the individual defendant is present. The Clerk's Office shall prepare the necessary writ to procure Plaintiff's attendance.

The purpose of the settlement conference is to facilitate settlement of the case if that is appropriate. The settlement conference will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. Notwithstanding the provisions of Rule 408 of the

Federal Rules of Evidence, all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference, shall be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference. To that end, all matters communicated to the undersigned in confidence will remain confidential and will not be disclosed to any other party or to the trial judge. The undersigned will not serve as the trial judge in this case.

Parties shall submit confidential settlement memoranda to the undersigned by no later than **Monday, November 10, 2025**. Memoranda should not be filed with the court but rather shall be submitted directly to chambers by e-mail to **Documents_Judge_Jones@nced.uscourts.gov**.[1] Such memoranda should include a concise statement of the factual issues, issues of law, damages, settlement negotiation history of the case, and the evidence the party expects to produce at trial, should not exceed four (4) pages, and need not be served on other parties. All matters disclosed in settlement memoranda are confidential and may not be disclosed to the trial judge or used in any way should the case not settle.

Except to the extent modified herein, the conference shall be governed by the provisions of the Local Civil Rules.

SO ORDERED, the **6** day of October, 2025.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

---

[1] This is a receipt-only email address and should not be used for any other correspondence with the court.

2

Case 5:23-ct-03306-BO    Document 67    Filed 10/07/25    Page 2 of 2